*1015 MEMORANDUM BY THE COURT
The plaintiff’s claims, as presented by items in argument, are not stated in itemized form in the petition or in the request for findings of fact.
The petition, as to the major part of the claim, asserts that for the purpose of carrying out the various contracts referred to the American Shipbuilding Company expended in the procurement and erection of plant and plant facilities $569,220.67, and the sum of $5,177,085.86 in the erection of the wooden hulls and other work under said contracts, and that the defendant has paid the American Shipbuilding Company the sum of $4,806,441.69, leaving the sum of $939,-864.84 now due. Two paragraphs follow, in one of which is a demand for $17,448.62, as compensation as purchasing agent for the purchase of materials for other yards, and in the second of which $3,600 is demanded as wharfage. The total demand is $960,913.46, the aggregate of these three amounts.
*1016 In his request for findings of fact the plaintiff asks a finding that “ The amount expended by the American Shipbuilding Company for special' facilities for the performance of contracts WH-24, WH-150, WIT-477, and Machinery Installment No. 32, together with a lump-sum cancellation allowance to cover incidentals not specifically ascertainable or allowed elsewhere, is $6,176,289.35,” as against which it acknowledges payment of $5,143,800.80, leaving a difference of $1,032,488.55. By another request the salvage value of lands and buildings is put at $30,000 and the court is then asked to find that just compensation for the cancellation of the contracts as set forth is $1,032,488.55 less $30,000, a total of $1,002,488.55, with interest from March 25,1919. Against this amount, by the next requested finding, plaintiff concedes an indebtedness to the defendant in the sum of $535,-321.95, leaving a net balance of $828,162.48, to which is added another item conceded to be due plaintiff of $2,323.34, making the total demand $830,485.82. By the items set out in the brief under the head of “Argument ” the composition of the sum of $1,032,488.55 is shown.
The items set out by plaintiff as constituting its claim in the aggregate stated do not appear in the request for findings of fact and hence they are not separately treated in the findings as made, except as they enter into the statement of account as between the parties, set out in Finding XIII.
The theory upon which the claim is predicated as presented in oral argument by counsel and evidenced by the detailed discussion of the items in plaintiff’s brief is evidently that, by reason of the cancellation of contract WH-477 referred to in Finding V, and being plaintiff’s Exhibit C, attached to his petition, the preceding contracts WH-24 and WH-150 were revived as the basis of asserted claims. The averment of the petition above referred to is with ■reference to “ the various contracts hereinbefore referred to,” which includes contracts Exhibits A and B. The requested findings refer to expenditures in connection with the performance of the three contracts, Exhibits A, B, and C, and the requested finding on the subject of just compensation is *1017 ' predicated upon the cancellation of “ contracts ” above set forth.
In Finding V there appear liberal quotations from contract WH-477, Exhibit C, which in turn canceled the two preceding contracts, and in language as broad, apparently, as could be commanded, released the United States from all obligations under those contracts. It changed the form of the contractual relation from that of contracts for a lump compensation to a contract upon the cost-plus basis and incorporated therein provision with reference to all of the vessels provided for in the first two contracts.
Contract WH-477, in our opinion, closed the door upon any claims rising under the two preceding contracts, and its cancellation did not revive the earlier contracts as the basis for the assertion of any claims. The findings show the procedure in connection with the cancellation of contract WH-477. The first communication set out with reference thereto indicates a possible intention to suspend work under that contract under the provisions contained therein, but this was followed by a notice of cancellation. It has been settled that the provisions of the act of June 15, 1917, authorizing the cancellation of contracts of this character are to be read into the contract ,(Russell Motor Car Company, 57 C. Cls. 464, 261 U. S. 514), and the contract WH-477 is to be regarded as canceled under the authority of that act.
The rule of just compensation as laid down in the Russell Motor Car Company case, and also in the Meyer Scale & Hardware Company case (57 C. Cls. 26), is not applicable here since this contract was upon a cost-plus basis. The compensation to the plaintiff was a fixed sum for each vessel completed. Plaintiff received proper credit for the five completed vessels, and in the statement of account, set,out in Finding XIII, he has been allowed the proportionate part of the compensation f<3r the uncompleted vessels to which it is determined he is entitled.
There is a counterclaim upon which the defendant is con-cededly entitled to recover, the only question being as to the exact amount, and the only practicable way to reach a conclusion as to the state of the mutual accounts between the parties is to state them as set out in Finding XIII. Upon *1018 this statement, without reviewing it in detail, which seems wholly unnecessary, it is found that there is due the United States from the plaintiff the sum of $706,908.21, and judgment will accordingly be directed upon the counterclaim for that amount.
Graham, Judge, took no part in the decision of this case.